# United States Court of Appeals for the Federal Circuit

---

**FORD MOTOR COMPANY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-1238

---

Appeal from the United States Court of International Trade in consolidated case no. 03-CV-0115, Judge Judith M. Barzilay.

---

Decided: March 21, 2011

---

NED H. MARSHAK, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, New York, argued for plaintiff-appellant. With him on the brief were ROBERT B. SILVERMAN and JOSPEH M. SPRARAGEN. Of counsel on the brief was PAULSEN K. VANDEVERT, The Ford Motor Company, of Dearborn, Michigan.

JUSTIN R. MILLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With him on the brief were BARBARA S.

WILLIAMS, Attorney in Charge; and TONY WEST, Assistant Attorney General, and JEANNE E. DAVIDSON, Director, of Washington, DC. Of counsel was EDWARD F. KENNY, Attorney. Of counsel on the brief was BETH C. BROTMAN, Office of Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.

———————————————

Before LOURIE, LINN, and DYK, *Circuit Judges*.

DYK, *Circuit Judge*.

Ford Motor Company ("Ford") appeals from a final judgment of the United States Court of International Trade ("Trade Court"). The Trade Court dismissed for lack of jurisdiction Ford's action challenging the denial by U.S. Customs and Border Protection ("Customs") of Ford's claims for post-entry duty refunds under the North American Free Trade Agreement, U.S.-Can.-Mex., Dec. 17, 1992, 32 I.L.M. 289 (1993) [hereinafter NAFTA]. *Ford Motor Co. v. United States*, No. 03-00115, slip op. 10-4 (Ct. Int'l Trade Jan. 12, 2010). We reverse the Trade Court's jurisdictional decision and remand for further proceedings consistent with this opinion.

### BACKGROUND

NAFTA is a trade agreement between the United States, Canada, and Mexico which seeks to promote the free flow of goods between the member countries. Imports that qualify for preferential treatment under NAFTA are permitted to enter the United States duty free. Pursuant to Article 502(1) of NAFTA, imports are eligible for preferential treatment if the importer:

a)  make[s] a written declaration, based on a valid Certificate of Origin, that the good qualifies as an originating good;

b)  ha[s] the Certificate in its possession at the time the declaration is made;

c)  provide[s], on the request of that Party's custom administration, a copy of the Certificate; and

d)  promptly make[s] a corrected declaration and pay[s] any duties owing where the importer has reason to believe that a Certificate on which a declaration was based contains information that is not correct.

NAFTA, art. 502(1), 32 I.L.M. at 358. This provision is implemented in the NAFTA Implementation Act, Pub. L. No. 103–182, 107 Stat. 2057 (1993) (codified as amended at 19 U.S.C. § 3301–3473), and 19 C.F.R. § 181.21. An importer that does not meet these requirements at the time of entry is not barred from making a claim for preferential treatment. Under NAFTA Article 502(3), an importer that does not claim preferential treatment at the time of entry may nonetheless qualify for a post-entry duty refund. NAFTA, art. 502(3), 32 I.L.M. at 358. That provision is implemented by 19 U.S.C. § 1520(d), which provides:

Notwithstanding the fact that a valid protest was not filed, the Customs Service may, *in accordance with regulations prescribed by the Secretary,*

reliquidate an entry to refund any excess duties . . . paid on a good qualifying under the rules of origin set out in section 3332 of this title . . . for which no claim for preferential tariff treatment was made at the time of importation if the importer, *within 1 year after the date of importation,* files, *in accordance with those regulations, a claim that includes—*

(1) a written declaration that the good qualifies [for preferential treatment] at the time of importation;

(2) *copies of all applicable NAFTA Certificates of Origin* (as defined in section 1508(b)(1) of this title) . . . ; and

(3) such other documentation and information relating to the importation of the goods as the Customs Service may require.

19 U.S.C. § 1520(d) (emphases added).

This case arises from Ford's attempt to claim preferential treatment under NAFTA for certain shipments of automotive parts imported into the United States from Canada. Ford imported the shipments from Canada between January 1997 and January 1999. The parties have agreed to use Entry No. 231-2787386-9, which entered the United States on June 27, 1997, as a test case. Ford did not assert at the time of entry that its goods were eligible for preferential treatment under NAFTA. Ford electronically filed a post-entry duty refund

claim on May 13, 1998, less than one year after the date of importation, asserting that it was entitled to reliquidation and a duty refund under § 1520(d). However, Ford's May 13th claim did not include copies of pertinent NAFTA certificates of origin as required by 19 U.S.C. § 1520(d)(2). Ford did not submit the relevant certificates of origin to Customs until November 5, 1998, over a year after the date of importation. Customs denied Ford's claim, stating that "[t]he NAFTA Certificate of Origin was not furnished within one year of the date of importation." J.A. 224. Ford filed a protest to contest the denial, and Customs denied the protest on the same grounds. J.A. 134. Ford appealed Customs' decision to the Trade Court.

Before the Trade Court, Ford argued, inter alia, that even though it submitted its certificates of origin more than a year after importation, it filed a "claim" within one year as required by § 1520(d), and the certificates of origin were not an essential part of that claim for jurisdictional purposes. Ford argued that Customs should have accepted its late-filed certificates pursuant to 19 C.F.R. § 10.112, which provides that,

> [w]henever a free entry or a reduced duty document, form, or statement required to be filed *in connection with the entry* is not filed *at the time of the entry* or within the period for which a bond was filed for its production, but failure to file it *was not due to willful negligence or fraudulent intent*, such document, form, or statement *may be filed at any time prior to the liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final*.

*Id.* (emphasis added). The government disagreed and moved to dismiss for lack of subject matter jurisdiction,

arguing that the submission of NAFTA certificates of origin within one year was a jurisdictional prerequisite.

The Trade Court granted the government's motion, reasoning that, under 28 U.S.C. § 1581(a), "Customs must reach a 'decision' on [a] protest" before the Trade Court may exercise jurisdiction, and "Customs cannot address the merits of a protest, and therefore make a protestable decision, in the absence of a claim filed in accordance with law." *Ford*, slip op. at 14. The Trade Court found that Ford had not filed a valid § 1520(d) claim based on this court's decisions in *Xerox Corp. v. United States*, 423 F.3d 1356 (Fed. Cir. 2005), and *Corrpro Cos., Inc. v. United States*, 433 F.3d 1360 (Fed. Cir. 2006). As discussed below, these cases held that the timely filing of a claim under § 1520(d) was a jurisdictional prerequisite, but they did not involve claims—such as Ford's—that were timely filed but lacking certificates of origin. Nonetheless, the Trade Court interpreted *Xerox* and *Corrpro* as "unambiguously requir[ing] that any claim for NAFTA treatment made pursuant to [§ 1520(d)] must include timely filed certificates of origin to be valid." *Ford*, slip op. at 16. Because Ford failed to file its certificates within one year of importation, the court found that Ford had not filed a valid § 1520(d) claim from which Customs could have rendered a jurisdiction-conferring protestable decision. *Ford*, slip op. at 16.

Ford timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

### DISCUSSION

The question presented in this case is whether the Trade Court lacks jurisdiction to review a Customs decision denying an importer's § 1520(d) post-entry rebate claim where the importer filed a claim with Customs within one year after the date of entry, but did not file the

pertinent certificates of origin within that one year period. We hold that Ford's untimely filing of its certificates of origin did not deprive the Trade Court of jurisdiction to hear Ford's claim.

I

It is clear that 19 U.S.C. § 1520(d) requires importers to file "a claim" within one year after the date of importation. Under 28 U.S.C. § 1581(a), the Trade Court has "exclusive jurisdiction [over] any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." In *Xerox* and *Corrpro*, we held that, for there to be a "protestable decision" giving rise to § 1581(a) Trade Court jurisdiction, claims under § 1520(d) must be timely filed within one year of importation. *See Xerox*, 423 F.3d at 1363; *Corrpro*, 433 F.3d at 1365.

In *Xerox*, we found that there was no protestable decision giving rise to § 1581(a) Trade Court jurisdiction because the petitioner had failed to "raise[] in the first instance a claim for preferential treatment under NAFTA" within one year after entry. 423 F.3d at 1363. That is, unlike the present case, it was not until more than a year after importation that the petitioner in *Xerox* asserted "for the first time . . . that its entries were entitled to a duty-free preference." *Id.* at 1358. Similarly, in *Corrpro*, we again found there to be no protestable decision because the petitioner "concede[d] that it did not make a post-importation NAFTA claim within a year of entry." 433 F.3d at 1365. Thus, in both *Xerox* and *Corrpro*, the importers did not file notice of any § 1520(d) claims at all until more than one year after their dates of importation. In contrast, Ford imported its representative shipment on June 27, 1997, and filed notice of its

§ 1520(d) claim with Customs less than a year later on May 13, 1998.

While *Xerox* and *Corrpro* held that § 1520(d)'s one-year time limitation is jurisdictional insofar as it requires the timely filing of a claim, the question presented in Ford's case is whether submission of a certificate of origin together with the claim is also a jurisdictional requirement. Neither *Xerox* nor *Corrpro* addressed whether failure to timely file a certificate of origin is by itself a jurisdictional bar to relief when the importer has otherwise timely filed notice of its claim.[1]

As the Supreme Court has recently concluded in several cases, the term "jurisdictional" is often overused, and overbroad statutory constructions that find all necessary claim elements to be jurisdictional prerequisites should be avoided. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

---

[1] We acknowledge that some language in *Corrpro* may seem to suggest that the certificate filing requirement is itself jurisdictional. *See Corrpro*, 433 F.3d at 1365. We are not bound by such language, because the issue in the present case—i.e., whether failure to timely file a certificate of origin is by itself a jurisdictional bar to relief when the importer has otherwise timely filed notice of its claim—was not before the court in *Corrpro*. *See Boeing N. Am., Inc. v. Roche*, 298 F.3d 1274, 1282 (Fed. Cir. 2002) ("Under our established precedent we are not bound by *Northrop* on the issue of allocability under the CAS standards since the CAS issue was neither argued nor discussed in our opinion."); *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (noting that, if a decision "never squarely addressed" an issue, a court remains "free to address the issue on the merits" in subsequent cases); *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1308 n.9 (Fed. Cir. 2008); *United States v. County of Cook, Illinois*, 170 F.3d 1084, 1088 (Fed. Cir. 1999); *Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1581 (Fed. Cir. 1991).

510–11 (2006); *Eberhart v. United States*, 546 U.S. 12, 15–16 (2005); *Scarborough v. Principi*, 541 U.S. 401, 413–14 (2004); *Kontrick v. Ryan*, 540 U.S. 443, 453–55 (2004); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–91 (1998).

In the recent case of *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010), the Supreme Court held that the Copyright Act's registration requirement does not restrict a federal court's subject matter jurisdiction, even though copyright registration is a precondition to filing a valid infringement claim under the Copyright Act, *see* 17 U.S.C. § 411(a). The Court noted the common mistake of treating "elements of a cause of action as jurisdictional limitations," and cautioned against "such 'drive-by jurisdictional rulings' which too easily can miss the 'critical difference[s]' between true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Id.* at 1243–44 (citations omitted). The Court further explained that

> [a] statutory condition that requires a party to take some action before filing a lawsuit is not automatically "a *jurisdictional* perquisite to suit." Rather, the jurisdictional analysis must focus on the "legal character" of the requirement, which we discern[] by looking to the condition's text, context, and relevant historical treatment. We similarly have treated as nonjurisdictional other types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit.

*Id.* at 1246-47 (citations omitted). The Court ultimately found the copyright registration requirement to be nonjurisdictional because it "is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision,

and admits of congressionally authorized exceptions." *Id.* at 1247.

When analyzed in view of the foregoing principles, it is readily apparent that the timely filing of a NAFTA certificate of origin is not a prerequisite to the Trade Court's having jurisdiction to review a § 1520(d) post-entry duty rebate claim. Like the copyright registration requirement in *Reed Elsevier*, § 1520(d)'s timely certificate filing requirement is not clearly labeled as jurisdictional, and it is not located in a jurisdiction-granting provision. The Trade Court's jurisdiction over civil actions arising under § 515 of the Tariff Act of 1930 is granted by 28 U.S.C. § 1581(a), not by 19 U.S.C. § 1520(d).

Also as in *Reed Elsevier*, § 1520(d)'s certificate filing requirement admits of congressionally authorized exceptions. Article 503(c) of NAFTA provides that "[e]ach Party shall provide that a Certificate of Origin shall not be required for . . . an importation of a good for which the Party into whose territory the good is imported has waived the requirement for a Certificate of Origin." NAFTA, art. 503(c), 32 I.L.M. at 358–59. Section 1520(d) in turn provides that Customs may reliquidate post-entry duty rebate claims "in accordance with regulations prescribed by the Secretary" and requires that rebate claims be submitted "in accordance with those regulations." 19 U.S.C. § 1520(d). While § 1520(d) does not specifically refer to the waiver provision of NAFTA Article 503(c), it is obvious that § 1520(d) was designed in part to permit the implementation of Article 503(c)'s waiver authority via Customs' regulations.[2] Significantly, Customs has inter-

---

[2] We also note that Article 503(c)'s waiver provision was expressly referenced in the November 4, 1993, NAFTA Statement of Administrative Action that Con-

preted § 1520(d) as granting it such regulatory authority, providing for the waiver of § 1520(d)'s certificate of origin filing requirement in at least two areas. First, 19 C.F.R. § 181.22(d)(1) defines three circumstances in which "an importer shall not be required to have a Certificate of Origin in his possession," including:

> (i) An importation of a good for which the port director has in writing waived the requirement for a Certificate of Origin because the port director is otherwise satisfied that the good qualifies for preferential tariff treatment under the NAFTA;

> (ii) A non-commercial importation of a good; or

> (iii)     A commercial importation for which the total value of originating goods does not exceed US $2,500, provided that, unless waived by the port director, the producer, exporter, importer or authorized agent includes on, or attaches to, the invoice or other document accompanying the shipment the following signed statement: I hereby certify that the good covered by this shipment qualifies as an originating good for purposes of preferential tariff treatment under the NAFTA.

---

gress approved in 19 U.S.C. § 3311. The Statement of Administrative Action authorizes new implementing regulations to be adopted for the described provisions of NAFTA. *See* NAFTA Implementation Act, Statement of Administrative Action, H.R. Doc. No. 103–159, at 450, 501 (1993).

Second, for § 1520(d) claims filed under Customs' Reconciliation program,[3] the "[p]resentation of the NAFTA Certificate of Origin to Customs is waived," provided that the filer "retain these documents, which shall be provided to Customs upon request." *Modification of National Customs Automation Program Test Regarding Reconciliation*, 62 Fed. Reg. 51181, 51182 (Dep't of the Treasury, Sept. 30, 1997). Both the exercise of waiver authority and Customs' admission that it may lawfully exercise such authority support our conclusion that the requirement is not jurisdictional.

As the Supreme Court has stated, unlike substantive elements of a claim, issues implicating subject matter jurisdiction "can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. at 514; *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."). At any rate, "[i]t would be at least unusual to ascribe jurisdictional significance to a condition subject to [an] exception[]" such as the ability to be waived. *Reed Elsevier*, 130 S. Ct. at 1246; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397 (1982) (holding that, because Congress had "approved" of prior cases awarding Title VII relief to claimants who had not complied with the Equal Employment Opportunity Commission's ("EEOC") filing requirement,

---

[3]    Customs' Reconciliation program is a test program that "allows an importer to provide Customs with information (other than that related to the admissibility of merchandise), which is not available at the time of entry summary filing, at a subsequent time." *Announcement of Nat'l Customs Automation Program Test Regarding Reconciliation*, 62 Fed. Reg. 5673, 5674 (Dep't of the Treasury, Feb. 6, 1997).

"Congress necessarily adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court").

The distinction we recognize between the jurisdictional nature of the requirement that notice of a § 1520(d) claim be timely filed—and the non-jurisdictional nature of a § 1520(d) claim's content requirements such as certificates of origin—is analogous to the requirements for filing a notice of appeal in federal court. Under Rule 3 of the Federal Rules of Appellate Procedure, a petitioner must file notice of its appeal "within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). However, Rule 3 further notes that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal." Fed R. App. P. 3(c)(4). The Advisory Committee notes regarding the 1979 Amendments to Rule 3 further explain that, while

> the timely filing of the notice of appeal has been characterized as jurisdictional, . . . it is important that the right to appeal not be lost by mistakes of mere form. In a number of decided cases it has been held that so long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with.

*Id.* (Advisory Committee note).[4]   We find that similar principles apply here. That is, so long as notice of a

---

[4]   *See also Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *United States v. Grant*, 256 F.3d 1146, 1151 (11th Cir. 2001) (holding that the timely filing of a single notice of appeal was sufficient to confer jurisdiction over defendant's appeals from two

party's § 1520(d) claim is timely filed within one year of importation, failure to adhere to § 1520(d)'s formalities, such as timely filing a certification of origin, will not deprive the Trade Court of jurisdiction to hear the case. That is so here even if such failure may end up being dispositive of the party's claim.

Accordingly, because (1) Ford timely filed notice of its claim; (2) Congress has not clearly labeled § 1520(d)'s timely certificate filing requirement as "jurisdictional"; (3) § 1520(d) is not a jurisdiction-granting provision; and (4) Customs possesses the authority to waive the certificate filing requirement, we conclude that Ford's failure to file its certificates of origin within one year of the importation did not deprive the Trade Court of jurisdiction.

## II

The government additionally contends that, even assuming the certificate of origin filing requirement is non-jurisdictional, "Ford's claims should still be dismissed for lack of subject matter jurisdiction because there has been no protestable determination." Appellee's Br. 35. For there to be a protestable decision, the government contends, Customs must have "engaged in 'some sort of decision making process' expressly considering the merits of [the petitioner's] claim." *Corrpro*, 433 F.3d at 1365 (quoting *Xerox*, 423 F.3d at 1363); *see also U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997). Because Customs rejected Ford's § 1520(d) claim on the procedural ground that Ford failed to timely submit its certificates of origin, the government contends that Customs never reached the merits of Ford's claim and thus never rendered a protestable decision as required for

separate convictions, even though the notice only referenced one conviction and case number).

Trade Court jurisdiction under 28 U.S.C. § 1581(a). We disagree.

Ford filed a § 1520(d) claim on May 13, 1998, and Customs denied Ford's claim on May 27, 1998, stating that "[t]he NAFTA Certificate of Origin was not furnished within one year of the date of importation." J.A. 224. This denial can also be viewed as including decisions by Customs (a) to not grant Ford a waiver of the certificate filing requirement under 19 C.F.R. § 181.22(d)(1)(i), and (b) to not accept Ford's late-filed certificates under 19 C.F.R. § 10.112. Ford filed a "protest" against this decision on August 2, 1999, which was considered by Customs Headquarters and denied by written decision on August 29, 2002. *See* J.A. 134–49. By filing a summons in the Trade Court to contest the August 29 denial, Ford has quite plainly commenced an action "to contest the denial of a protest." *See* 28 U.S.C. § 1581(a). Customs has therefore rendered a protestable decision sufficient to confer jurisdiction on the Trade Court under § 1581(a).

The government points to *Xerox*, 423 F.3d at 1358, and *Corrpro*, 433 F.3d at 1363, arguing that in both cases the plaintiffs filed protests that were denied, yet this court nonetheless held that no valid protestable determinations existed and that there was no basis for § 1581(a) jurisdiction. However, as explained above, *Xerox* and *Corrpro* are distinguishable from the present case on the key fact that, unlike Ford, the petitioners in *Xerox* and *Corrpro* never filed notices of their § 1520(d) claims within one year after importation. Unlike the certificate filing deadline, the requirement that notice of a § 1520(d) claim be timely filed is jurisdictional in nature.

We hold that, where an importer properly files notice of its § 1520(d) claim with Customs less than one year after entry, Customs renders a protestable decision—for

the purposes of 28 U.S.C. § 1581(a)—if it denies the importer's claim. The position urged by the government—that any decision which does not expressly adjudicate the merits of a petitioner's claim is not a "denial of a protest" under 28 U.S.C. § 1581(a)—would leave parties without recourse even if Customs were to erroneously dismiss their claims. Such a draconian rule is not the law.

## III

Having found that § 1520(d)'s certificate of origin requirement is not jurisdictional, the final question is whether, as Ford contends, Customs was required to accept Ford's late-filed certificates under 19 C.F.R. § 10.112. Ford's position is that § 10.112 applies in this case because (1) a certificate of origin is a "free entry or a reduced duty document" required to be filed in connection with the entry; (2) though Ford filed its certificates more than a year after importation, its filing nonetheless came before liquidation of its entries had become final; and (3) Customs admitted that Ford's failure to file its certificates within one year of entry was not due to willful negligence or fraudulent intent, J.A. 199, ¶ 21. The government argues that § 10.112 only applies to documents required to be filed "at the time of entry," and § 1520(d) only concerns post-entry rebate claims. Appellee's Br. 31. Ford counters that the language in the regulation actually requires that the certificates be filed "in connection with the entry," which is not synonymous with "at the time of entry." Appellant's Reply 18. Ford additionally notes that § 10.112 has received broad constructions in prior cases. *See, e.g., Gulfstream Aerospace Corp. v. United States*, 981 F. Supp. 654, 667 (Ct. Int'l Trade 1997); *Aviall of Tex., Inc. v. United States*, 861 F. Supp. 100, 105 (Ct. Int'l Trade 1994); *Bertrand Freres, Inc. v. United States*, 47 Cust. Ct. 155 (1961). We find that this issue is best

left to be decided in the first instance by the Trade Court.[5]

CONCLUSION

Because we find that the Trade Court erred in dismissing Ford's claim for lack of jurisdiction, we reverse the Trade Court's decision and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED**

---

[5] While this court held in *Xerox* that "we may not construe 19 C.F.R. § 10.112 to increase the one-year time period for making a post-importation NAFTA claim" because the timely filing of a claim is a jurisdictional requirement, 423 F.3d at 1365, *Xerox* did not address whether the untimely filing of a non-jurisdictional certificate of origin could be excused under § 10.112.