**TEXTAINER EQUIPMENT MANAGEMENT LIMITED, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 08–610C.**

United States Court of Federal Claims.

May 10, 2012.

Lars H. Liebeler, Washington, DC, for plaintiffs.

Robert C. Bigler, United States Department of Justice, Washington, DC, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director, for defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE, STAYING CONSIDERATION OF PLAINTIFFS' MOTION FOR SANCTIONS, AND SETTING A SCHEDULE

FIRESTONE, Judge.

The dispute in this Fifth Amendment Takings case centers on whether defendant the United States ("the government") acted in its sovereign capacity when it purchased approximately 1015 of plaintiffs' intermodal shipping containers from TOPtainer, Inc., a now-nonexistent company that entered into a lease agreement with plaintiffs for their containers, and then, in turn, leased plaintiffs' containers to the government. On March 26, 2010, plaintiffs filed their first motion for summary judgment on their claim that the government had taken their property, i.e. their containers, without just compensation in violation of the Fifth Amendment of the Constitution of the United States. On June 17, 2011, the court denied plaintiffs' motion. The court determined that genuine issues of material fact precluded summary judgment on plaintiffs' takings claim, finding that there were disputed issues of fact regarding whether the government was acting in its sovereign capacity when it assumed ownership of plaintiffs' containers under the terms of the buyout provisions in its lease with TOPtainer, Inc. In so finding, the court determined that there existed a disputed factual issue regarding whether plaintiffs' containers were "lost" pursuant to the buyout provisions.

Pending before the court are two motions introduced by plaintiffs. The first is plaintiffs' motion for discovery sanctions, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs seek sanctions based on the government's failure to disclose, until recently, that

125 containers belonging to plaintiff Textainer Equipment Management Limited ("Textainer") or its predecessor, Capital Lease Limited ("Capital") were being used by the United States Marines in Okinawa, Japan and were never "lost." Plaintiffs request that the court find the government's actions in violation of this court's discovery rules, and grant one or more of the following remedies: (1) an order determining for the purposes of this case that none of plaintiffs' 1015 containers were "lost, destroyed, or damaged beyond economic repair," (2) striking the deposition testimony of three government witnesses to the extent those witnesses have testified otherwise, (3) an order granting plaintiffs' renewed motion for summary judgment, filed March 16, 2012, (4) an order awarding plaintiffs' attorneys' fees incurred as a result of the discovery failure, including fees and expenses incurred in prosecuting the motion for sanctions.

Second, plaintiffs have filed a motion for clarification and/or a motion to strike the government's cross motion for summary judgment. On March 2, 2012, this court filed a scheduling order, in light of the "new evidence" regarding the 125 Okinawa containers, directing plaintiffs to "file all motions they wish the court to consider, including their motion for summary judgment based on the new evidence identified after the close of the discovery period." Scheduling Order, ECF No. 90. Plaintiffs' filed their renewed motion for summary judgment, based on the new evidence pertaining to the 125 Okinawa containers, on March 16, 2012. On March 30, 2012, the government filed its cross motion for summary judgment. A substantial part of the government's cross motion presents a challenge to plaintiffs' property interests in their containers, and plaintiff Textainer's standing as successor-in-interest to Capital. In their motion to strike, plaintiffs argue that the government has waived its right to challenge plaintiffs' property interest in its containers. Plaintiffs now request that the court either clarify whether the current summary judgment proceedings are limited to the new evidence recently disclosed by the government, or issue an order striking the sections of the government's cross motion—Sections II, III, and IV—that are related to plaintiffs' property interests, and any other materials not related to the "new evidence."

For the following reasons and after careful consideration of the parties' briefing on these issues, the court **DENIES** plaintiffs' motion to clarify and/or strike. The court **STAYS** consideration of plaintiffs' motion for sanctions, pending the court's consideration of the parties' cross motions for summary judgment and in particular the jurisdictional issues now raised by the government.

## I. DISCUSSION

The court first addresses plaintiffs' motion to clarify and/or strike the government's arguments challenging plaintiffs' property interests in their containers, raised for the first time in their cross motion for summary judgment. In Section II of the government's cross motion, which plaintiffs seek to strike, the government argues that plaintiffs have not demonstrated an adequate property interest in the containers at issue in this case. Def.'s Cross–Mot. at 6–11, ECF No. 97. In particular, the government argues that plaintiffs have not shown that they own any of the containers at issue in this matter. In Sections III and IV, which plaintiffs also seek to strike, the government argues that plaintiff Textainer has not shown that its present takings claim was assigned to Textainer by its predecessor, Capital, and that even if this claim was assigned, that assignment is barred by the Assignment of Claims Act, 31 U.S.C. § 3727 (2006). *Id.* at 11–24. Therefore, the government argues, Textainer lacks standing to bring its takings claim. *Id.* at 24.

Plaintiffs argue that they have presented an adequate factual basis to establish their property interests and standing, and that, at any rate, the government has never challenged plaintiffs' property interests or Textainer's ability to bring a takings claim before it filed its cross motion, and has therefore conceded these issues. Plaintiffs assert that the government's attack on plaintiffs' ownership interests is an argument that plaintiffs are not the real parties in interest under RCFC 17(a). However, plaintiffs argue, because the government

did not object to the real party in interest at an early stage in the proceedings, the government's arguments are waived.

In support, plaintiffs point to the government's conduct during discovery. For example, in answer to plaintiffs' interrogatory concerning challenges to plaintiffs' property interests, the government stated that ownership issues were "immaterial." *See* Pls.' Reply at 3, ECF No. 108. In addition to this and other specific instances of government conduct, plaintiffs base their argument on the government's failure to challenge their ownership interest until the pending cross motion. Plaintiffs also argue that it was clear from the discussion at the March 2, 2012 pre-trial conference and this court's scheduling order that the parties' cross motions were limited to addressing the effect of the "new evidence"—the buyout of the 125 Okinawa containers—only. For all of these reasons, plaintiffs argue, the government's challenge to plaintiffs' property interests has been waived.

The government contends that plaintiffs' motion should be denied because this court's order did not expressly state that the government's cross motion for summary judgment should be limited to addressing "new evidence," and because even if the government did not raise the ownership issues previously, this does not relieve plaintiffs of their burden of proof, in a takings case, to establish a "legally-cognizable property interest." Def.'s Resp. at 4, ECF No. 107 (citing *Skip Kirchdorfer, Inc. v. United States*, 6 F.3d 1573, 1580 (Fed.Cir.1993)). The government further argues that this court never made any specific conclusions as to whether plaintiffs have a valid property interest, and that the court's denial of plaintiffs' first summary judgment motion does not relieve plaintiffs of the burden of proving a property interest. *Id.* at 5–6 (citing *Dessar v. Bank of Am. Nat'l Trust and Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir.1965)). Finally, the government argues that the questions of whether plaintiffs possessed a valid property interest at the time of the alleged taking and whether Capital's claims were assigned to Textainer in violation of the Anti–Assignment Acts are jurisdictional in nature, and therefore cannot be waived.

■■■■ The court agrees with the government that even if the government did not raise the question of whether plaintiffs possess a legally cognizable property interest in their containers, plaintiffs continue to bear the burden of proof on this issue. To establish a taking under the Fifth Amendment, plaintiffs must show that they possess a legally cognizable property interest. *See, e.g., Skip Kirchdorfer*, 6 F.3d at 1580; *see also Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 ("If the claimant fails to demonstrate the existence of a legally cognizable property interest, the court[']s task is at an end."). The fact that the government did not dispute these issues earlier does not relieve plaintiffs of this burden. Moreover, the court agrees with the government that it did not decide this issue in its June 17, 2011 opinion denying plaintiffs' motion for summary judgment, and that, even if it had, the denial of summary judgment also does not relieve plaintiffs of their burden of proving a property interest. *Dessar*, 353 F.2d at 470 (holding that the denial of a summary judgment motion "merely postpones decision of any question; it decides none"); *see also Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1356 (Fed.Cir.2009) (citing *Bethlehem Steel Exp. Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998)) (finding that "the law of the case doctrine . . . simply does not apply to a denial of summary judgment").

■■ In addition, the government's challenge to Textainer's takings claim under the Assignment of Claims Act, 31 U.S.C. § 3727, is jurisdictional in nature. *See Ins. Co. of the W. v. United States*, 100 Fed.Cl. 58, 62 (2011) (citing *Ins. Co. of the W. v. United States*, 243 F.3d 1367, 1375 (Fed.Cir.2001)) (stating that "when either of the Anti–Assignment Acts renders an assignment ineffective against the United States, the waiver of sovereign immunity found in the Tucker Act is withdrawn . . . [a]nd without that waiver of sovereign immunity, no jurisdiction would exist to adjudicate the claim"); *CRV Enters., Inc. v. United States*, 86 Fed.Cl. 758, 770 (2009), *aff'd*, 626 F.3d 1241 (Fed.Cir.2010)

(holding that where plaintiffs did not own property at issue at the date of taking and alleged assignment of claim was barred by the Assignment of Claims Act, plaintiffs did not have standing to bring their takings claims). Furthermore, to the extent the government challenges plaintiffs' standing based on a lack of ownership in their containers, a challenge to standing also implicates this court's jurisdiction. *System Fuels, Inc. v. United States*, 65 Fed.Cl. 163, 171 (2005); *CRV Enters.*, 86 Fed.Cl. at 770. Jurisdictional issues "can never be forfeited or waived." *Ford Motor Co. v. United States*, 635 F.3d 550, 556 (Fed.Cir.2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)); *see generally John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). Therefore, the court may not strike the jurisdictional issues raised in the government's cross motion.

■ To overcome the government's arguments, plaintiffs assert that the government's attack on plaintiffs' property interest in the containers and standing only challenge whether plaintiffs are real parties in interest under RCFC 17(a). RCFC 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." The basis of the rule is to "protect the defendant against a subsequent action by the party actually entitled to recover." Fed.R.Civ.P. 17(a) advisory committee's note to the 1996 amendment (the analogous federal rule); *System Fuels*, 65 Fed.Cl. at 170. The Court of Federal Claims has held that in some circumstances, the issue of whether a party is a real party in interest "is subject to waiver if not timely pled." *Fifth Third Bank of W. Ohio v. United States*, 55 Fed.Cl. 372, 376 (2003) (citing *Rogers v. Samedan Oil Corp.*, 308 F.3d 477, 483–84 (5th Cir.2002); *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir.1996)) (holding the "real party in interest" issue waived where the government failed to raise the issue until seven years after the filing of the complaint and after the court gave notice to the government that its standing and related arguments should have been filed earlier).

■ However, challenges based on RCFC 17(a) stand separate and distinct from the government's arguments based on jurisdiction and plaintiffs' burden of proof.[1] While Rule 17(a) exists for the benefit of, and therefore may be waived by, the government, it does not relieve plaintiffs of the burden of

---

1. Plaintiffs rely on the Court of Federal Claims' decision in *First Federal Savings & Loan Ass'n of Rochester v. United States*, 58 Fed.Cl. 139, 158–59 (2003), to argue that "[r]eal party in interest challenges under the Anti–Assignment Act do not result in the dismissal of a claim." Pls.' Reply at 7 n. 3. In *First Federal*, the government argued that the plaintiff was not a real party in interest because it had undergone stock conversions, mergers, and sales of its stock since its breach of contract suit had been initiated. 58 Fed.Cl. at 152. The government also argued that the post-complaint assignment of the right to any proceeds from the lawsuit as a result of the mergers and sales of stock violated the Anti–Assignment Acts. *Id.* at 156–57. The court held that the assignment of proceeds did not violate the Anti–Assignment Acts because it was "a private matter between the parties," and moreover, mergers and transformation of ownership fell into the "operation of law" exception to the Anti–Assignment Acts' bar. *Id.* at 157–58.

Plaintiffs rely on an alternative holding in *First Federal*, in which the court found that even if the post-merger and stock-sale assignee was the real party in interest, the assignor—the plaintiff—could still represent the assignee and bring the claim. *Id.* at 158–59 ("The Anti–Assignment Act does not invalidate a claim that is assigned outside its parameters; it treats the claim as though it had not been assigned, looking to the assignor ([the plaintiff] or its successor) not the assignee ... to pursue it."). However, here, in contrast, the government argues that plaintiff Textainer is the *assignee*, not the assignor, of a claim against the government. Under well-settled principles, the Anti–Assignment Act may bar an assignee from bringing a takings claim. *See CRV Enters., Inc. v. United States*, 626 F.3d 1241, 1249 n. 7 (Fed.Cir.2010) (citing *United States v. Dow*, 357 U.S. 17, 20, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958) ("It is well established ... that the Assignment of Claims Act prohibits the voluntary assignment of a compensation claim against the Government for the taking of property.")); *Wall Inds., Inc. v. United States*, 15 Cl.Ct. 796, 803 (1988), *aff'd*, 883 F.2d 1027 (Fed.Cir.1989) ("Although the Anti–Assignment Act, 31 U.S.C. § 3727, prevents an assignee of a claim against the United States from bringing the suit even though that assignee may be the real party in interest, the assignor of the claim may represent the assignee/real party in interest in such a suit."). Therefore, the court finds plaintiffs' argument based on *First Federal* insufficient to overcome the jurisdictional issues raised by the government based on the Assignment of Claims Act.

asserting jurisdiction or proving the essential elements of their cause of action. *See System Fuels*, 65 Fed.Cl. at 171 (allowing plaintiffs to amend the complaint to include the real party in interest over the government's objection, but declining to grant summary judgment on plaintiffs' takings claims until the factual basis upon which plaintiffs could argue those takings claims was further developed); *see also First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed.Cir.1999) (holding that "the presence or absence of an RCFC does not determine the jurisdiction" of this court, or standing). In other words, even if the government had waived its ability to challenge whether plaintiffs were the "real parties in interest," this waiver would not automatically establish that plaintiffs possess standing to assert their claim, or that plaintiffs have demonstrated that they have a "legally cognizable property interest" for the purpose of establishing a takings claim. Therefore, even assuming that the government has waived any "real party in interest" issues, the court declines to strike Sections II, III, and IV of the government's cross motion, which implicate both jurisdictional issues and plaintiffs' burden of proving the elements of their takings cause of action.

## II. CONCLUSION

For the foregoing reasons, the court finds that the government did not "waive" the arguments presented in Sections II, III, and IV of its cross motion for summary judgment. Plaintiffs' motion to clarify and/or strike is therefore **DENIED.** In light of the potential jurisdictional issues introduced by the government, the court **STAYS** consideration of plaintiffs' motion for sanctions until briefing on summary judgment is complete. Plaintiffs shall file their reply in support of their motion for summary judgment and response to the government's cross motion by **June 11, 2012.** The government shall file its reply in accordance with RCFC 7.2.

**IT IS SO ORDERED.**